IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| SINCLAIR WYOMING REFINING COMPANY LLC, | ) ) ) ) |
| Petitioner, | ) ) Case No. 22-9530 |
| v. | ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) |
| Respondent. | ) ) |

**PETITIONER'S UNOPPOSED MOTION FOR LEAVE
TO FILE ITS OPENING BRIEF UNDER SEAL**

Petitioner Sinclair Wyoming Refining Company LLC ("Sinclair") respectfully moves pursuant to Tenth Circuit Rule 25.6 for leave to file its Opening Brief ("Brief") under seal. Pursuant to Tenth Circuit Rule 25.6(B), Sinclair attaches to this motion both its unredacted Brief (Exhibit A). Concurrent with this motion, Sinclair is also publicly filing a redacted version of the Brief.

Respondent U.S. Environmental Protection Agency ("EPA") does not oppose this motion.

**BACKGROUND**

The Renewable Fuel Standard ("RFS") program requires that specified volumes of renewable fuel be introduced into the nation's supply of transportation

fuel each year. 42 U.S.C. § 7545(o)(2)(B). Regulated entities like Sinclair demonstrate compliance with the program by retiring a certain number of "Renewable Identification Numbers" ("RINs")—credits generated when renewable fuels are blended into traditional fuels—for each compliance year. *See* 40 C.F.R. § 80.1427(a)(6)(i). RINs may be obtained either by blending renewable fuels or by purchasing RINs from other refineries on the market. *Id.* § 80.1427.

Small refineries—those with a crude-oil throughput (averaged yearly) of less than 75,000 barrels per day, 42 U.S.C. § 7545(o)(1)(K)—may obtain a case-by-case exemption from the RFS program's annual requirements known as a "small refinery exemption" ("SRE") because of "disproportionate economic hardship" *Id.* § 7545(o)(9)(B).

Based on criteria it has used for many years, EPA determined that 32 small refineries were entitled to SREs under the RFS program for 2018.  EPA granted exemptions to 31 of these refineries in August 2019, *see* Ex. A at 2, RFA Petition for Review, https://www.epa.gov/sites/default/files/2019-11/documents/rfa_19-1220_pfr_10222019.pdf ("SRE Memo"), and it immediately returned to all these refineries certain valuable regulatory credits known as "Renewable Identification Numbers" or "RINs" that they had previously submitted to EPA to comply with the 2018 RFS standard. EPA, *April 2022 Alternative RFS Compliance*

*Demonstration Approach for Certain Small Refineries* at 6, EPA-420-R-22-006 (Apr. 2022), https://nepis.epa.gov/Exe/ZyPDF.cgi?Dockey=P1014EK3.pdf.

Because of a clear mistake that EPA has since acknowledged, EPA did not grant a small refinery exemption to Sinclair until January 2021. Ex. A, Supplement to Motion to Seal, *Sinclair*, No. 21-9528 (10th Cir. filed Mar. 29, 2021), Doc. 010110500782. Even so, EPA granted this exemption using the same criteria that it had used for the other 31 refineries. However, EPA refused at that time to return the RINs that Sinclair submitted to comply with the 2018 RFS standard and has steadfastly refused to do so ever since. *See* R-12, R-17, and R-19. In all meaningful respects, Sinclair's situation is the same as the situation of the 31 other small refineries, but EPA has refused to provide the same benefit to Sinclair that it provided to all of them. Most galling to Sinclair, it is undisputed that, were it not for EPA's own mistake, Sinclair would have been exempted from 2018 compliance and received valuable RINs back from EPA in August 2019.

However, EPA decided that the 31 small refineries that received their exemptions in 2019 would be allowed to keep the 2018 RINs that EPA had returned to them. After this decision, Sinclair requested that EPA return its 2018 RINs too, so that it would be in the same position as all the other similarly situated refineries, but EPA denied this request on April 19, 2022. It is this denial that Sinclair challenges in this case. *See* R-11, R-12.

## ARGUMENT

As required by 10th Circuit Rule 25.6, Sinclair has a "real and substantial interest" that justifies filing its unredacted Brief under seal. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (finding a real and substantial interest in filing medical records containing confidential information under seal). Among other things, Sinclair's Brief will include information about Sinclair's 2018 RFS obligations such as the number and approximate value of the RINs at issue in this case. The Brief will also discuss some of the factual bases of Sinclair's exemption petitions and EPA's exemption decisions. All of this information is of such a sensitive nature that EPA and Sinclair customarily treat it as confidential business information ("CBI") and that should be protected from disclosure. *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978) (recognizing that "the right to inspect and copy judicial records is not absolute" and that courts have the "supervisory power" to prevent judicial records from becoming "sources of business information that might harm a litigant's competitive standing.").

The public disclosure of this CBI would prove extremely detrimental to Sinclair and to the Sinclair Wyoming Refinery and provide a competitive advantage to similar businesses and to others regulated under the RFS program. For instance, competitors in the refining sector could use the CBI provided in

Sinclair's Brief to anticipate the refinery's future strategic and operational decisions or to undermine Sinclair's ability to negotiate the purchase and sale of RINs for compliance with the RFS program.

Placing Sinclair's unredacted Brief under seal is consistent with the practice of EPA and many small refineries of treating information about their RFS obligations and RIN retirements as CBI, especially in content of exemption petitions where the refineries must demonstrate "disproportionate economic hardship" from RFS compliance. Although EPA has recently amended its regulations to authorize the disclosure of some basic information about petitioning refineries, such as the submitter's name; the name and location of the facility; the purpose of the petition; and the relevant time period for the petition, *see* 40 C.F.R. § 80.1402, EPA remains legally precluded from releasing to the public the types of details Sinclair seeks to protect through this motion except in special circumstances not present here. *See generally* 5 U.S.C. § 552; 40 C.F.R. Part 2, Subpart B.[1]

This Court has previously authorized the filing under seal of this precise type of sensitive commercial and financial information as well as analogous

---

[1] The Department of Energy has also recognized that information of this kind should be protected as CBI to avoid the harms of public disclosure. U.S. Dep't of Energy, Small Refinery Exemption Study at 26 (Mar. 2011), *available at* https://www.epa.gov/sites/default/files/2016-12/documents/small-refinery-exempt-study.pdf.

information. *See Sinclair Wyo. Ref. Co. v. EPA*, 887 F.3d 986, 999 (10th Cir. 2017) (granting Sinclair's motions to seal the docketing statement, agency decision documents, all briefs, and the joint deferred appendix); *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F.App'x. 782, 801 n.8 (10th Cir. 2017) (allowing an appendix containing "sensitive, proprietary information" to be filed under seal); *Hershey v. ExxonMobil Oil Corp.*, 550 Fed. App'x. 566, 574 (10th Cir. 2013) (allowing appendix volumes to be filed under seal where they contained information that could harm third parties' competitive business interests). Other courts of appeals have done likewise. *See, e.g.*, *Sinclair Wyo. Refin. Co. v. EPA*, No. 19-1196 (D.C. Cir. 2020), ECF No. 1874754 (small refinery petitioner brief filed under seal); *Lion Oil Co. v. EPA*, No. 14-3405 (8th Cir. 2014), ECF No. 4221355 (record including underlying decision filed under seal).

Here, the public's interest in access to Sinclair's unredacted Brief is outweighed by the competitive disadvantage Sinclair would suffer if its CBI were revealed. Requiring Sinclair to disclose CBI as part of its challenge to EPA's arbitrary and capricious withholding of RINs would risk a chilling effect on future small refiners exercising their right to obtain judicial review of EPA's actions related to SREs.

Concurrent with this motion, Sinclair will separately file a public redacted version of the Brief in accordance with Tenth Circuit Rule 25.6(B). Redaction

strikes the proper balance between the public's right to access judicial records and Sinclair's interest in protecting its CBI. The redacted CBI would be of little value to the public at large, but extremely useful for Sinclair's competitors. And, given the confidential nature of the information contained in the Brief, there is no less restrictive means of ensuring the continued confidentiality of the CBI than publishing the redacted Brief.

For the foregoing reasons, Sinclair respectfully requests that this Court place Sinclair's Brief under seal and make only the redacted version filed concurrent with this motion available to the public.

|  |  |
|---|---|
| Dated: November 10, 2022 | Respectfully submitted,<br><br>*/s/ Jeffrey R. Holmstead*<br>Jeffrey R. Holmstead<br>Brittany M. Pemberton<br>Bracewell LLP<br>2001 M Street N.W., Suite 900<br>Washington, D.C. 20036<br>(202) 828-5800 (telephone)<br>(202) 857-4812 (facsimile)<br>Jeff.Holmstead@bracewell.com<br>Brittany.Pemberton@bracewell.com<br><br>*Counsel for Petitioner* |

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITS

I hereby certify that the above Petitioner's Unopposed Motion for Leave to File Its Opening Brief Under Seal is proportionately spaced, has a typeface of 14 points, and contains 1324 words, exclusive of those parts exempted by Federal Rule of Appellate Procedure 32(f), as counted by Microsoft Word.

                                                              */s/ Jeffrey Holmstead*
                                                              Jeffrey R. Holmstead

**CERTIFICATE OF DIGITAL SUBMISSION**

In accordance with the court's CM/ECF User's Manual, I hereby certify that:

1) all required privacy redactions have been made per Tenth Circuit Rule 25.5;

2) hard copies of these pleadings that may be required to be submitted to the court are exact copies of the ECF submissions; and

3) the ECF submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, CrowdStrike Version 6.46.1610.0, last updated on November 1, 2022, and according to the program are free of viruses.

*/s/ Jeffrey Holmstead*
Jeffrey R. Holmstead

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Petitioner's Unopposed Motion for Leave to File Its Opening Brief Under Seal was today, this 10th Day of November, served through the Court's CM/ECF system on all registered counsel.

*/s/ Jeffrey Holmstead*
Jeffrey R. Holmstead
